SUPPRESSED

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

FILED

MAY 30 2007

U. S. DISTRICT COURT
E. DIST. OF MO.
ST. LOUIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. |
| ERIC AFFHOLTER, and<br>PEDRO CERNA-ROJAS, | ) ) ) |
| Defendant. | ) |

4:07CR00329CDP

## INDICTMENT

### COUNT I

The Grand Jury charges that:

#### Introduction

1. At times material to this indictment:

   a. United States Citizenship and Immigration Services (USCIS) is an agency of the United States located within the Department of Homeland Security, a department within the executive branch of the United States. USCIS is responsible for processing and reviewing applications for adjustment of immigration status.

   b. Under the immigration laws, a foreign national who is married to a United States citizen can obtain permanent resident status in the United States, provided that the marriage was entered into in good faith and the United States citizen did not enter into the marriage in exchange for something of value, such as money, or for the sole purpose of enabling the foreign national to obtain permanent resident status in the United States.

  c. In order for a foreign national who marries a United States citizen to obtain permanent resident status on the basis of marriage to a United States citizen, the United States citizen spouse is required to file with USCIS a "Petition for Alien Relative' (Form I-130) on behalf of the foreign national, and the foreign national is required to file with USCIS an "Application to Register Permanent Resident or Adjust Status" (Form I-485).

  d. A foreign national and citizen spouse married inside the United States are required to submit to an interview conducted by an USCIS examiner for purposes of verifying, among other things, that the marriage is legitimate and was not entered into for the sole purpose of obtaining permanent resident status for the foreign national. If a USCIS examiner determines that the marriage was entered into in exchange for something of value or for the sole purpose of enabling the foreign national to obtain permanent resident status, the foreign national's application for permanent resident status will be denied.

  e. If the application is approved, the foreign national will be granted conditional permanent resident status for a period of two years. At the end of the two year period, the foreign national can file with USCIS a "Petition to Remove Conditions on Residence" (Form I-751). If USCIS still believes that the marriage was entered into validly, the foreign national will be granted permanent resident alien status.

  f. Defendant Pedro Cerna-Rojas is a native and citizen of Peru who originally entered the United States on March 31, 2000, on a non-immigrant B-2 visitor visa. On December 12, 2000, Defendant Pedro Cerna-Rojas' status changed to a F-1 student. No later than June 2004, Defendant Pedro Cerna-Rojas' status as a F-1 student expired, he overstayed his visa, and he was not legally in the United States.

  g. Collette Lewis is a citizen of the United States.

## The Conspiracy

2.   Beginning at a time unknown to the Grand Jury, but no later than on or about October 2004, and continuing thereafter up to and including May 21, 2007, in the Eastern District of Missouri,

**ERIC AFFHOLTER, and
PEDRO CERNA-ROJAS**

the defendants herein, and other known to the Grand Jury, Collette Lewis and Timothy O'Leary, named herein but not indicted, did knowingly and intentionally conspire, combine, and agree to commit offenses against the United States, that is:

a.   To knowingly enter into a marriage for the purpose of evading a provision of the United States, in violation of Title 8, United States Code, Section 1325(c).

b.   To make materially false, fictitious, and fraudulent statements and representations and to make and use false writings and documents knowing the same to contain materially false, fictitious, and fraudulent statements and entries, in a matter within the jurisdiction of the USCIS, a department of the government of the United States, in violation of Title 18, United States Code, Section 1001.

## Object, Manner, and Means of the Conspiracy

3.   The object of the conspiracy was to engage in a fraudulent marriage between Defendant Pedro Cerna-Rojas and Collette Lewis so that Defendant Pedro Cerna-Rojas could obtain permanent resident status, thereby obstructing, impairing, and defeating the lawful application of the immigration laws.

4.   To accomplish the object of the conspiracy, Defendants Eric Affholter and Pedro Cerna-Rojas recruited Collette Lewis to enter into a sham marriage with Defendant Pedro Cerna-

Rojas. After the ceremony for the sham marriage, Defendants Eric Affholter and Pedro Cerna-Rojas recruited Collette Lewis to produce fraudulent applications required by immigration laws to provide legal status to Defendant Pedro Cerna-Rojas based on the sham marriage. Defendants Eric Affholter and Pedro Cerna-Rojas also recruited Collette Lewis and Timothy O'Leary to supply false, fictitious, and fraudulent affidavits in support of such applications, if required.

## Overt Acts

5. In furtherance of the conspiracy and in order to effect the object thereof, the following overt acts were committed by the conspirators:

    a. On or about December 10, 2004, Defendant Eric Affholter, Defendant Pedro Cerna-Rojas, Collette Lewis, and Timothy O'Leary flew from St. Louis, Missouri to Las Vegas, Nevada.

    b. On or about December 10, 2004, Defendant Pedro Cerna-Rojas and Collette Lewis were married in Las Vegas, Nevada, with Defendant Eric Affholter and Timothy O'Leary as witnesses to the marriage.

    c. On or about January 12, 2005, Collette Lewis filed a "Petition For Alien Relative" (Form I-130), with USCIS on behalf of Defendant Pedro Cerna-Rojas, identifying him as her husband.

    d. On or about January 12, 2005, Defendant Pedro Cerna-Rojas filed an "Application to Register Permanent Resident or Adjust Status" (Form I-485), with USCIS seeking permanent resident status based on his marriage to Collette Lewis.

    e. On or about April 14, 2005, Defendant Pedro Cerna-Rojas and Collette Lewis appeared before an employee of the St. Louis, Missouri USCIS, and fraudulently stated under oath that they had consummated their marriage. USCIS approved conditional permanent

resident status to Defendant Pedro Cerna-Rojas on April 21, 2005, valid for a period of two years.

    f.  On March 27, 2007, Defendant Pedro-Cerna and Collette Lewis jointly filed a "Petition to Remove Conditions on Residence" (Form I-751), requesting permanent resident status for Defendant Pedro Cerna-Rojas.

All in violation of Title 18, United States Code, Sections 371.

                A TRUE BILL

                _____
                FOREPERSON

CATHERINE L. HANAWAY
United States Attorney

_____
JOHN J. WARE, #11644
Assistant United States Attorney